## ISAAC PISER *v.* STEARNS & MARVIN.

*It seems,* where a chattel is delivered upon a bargain for the purchase thereof, and to pay a stipulated price therefor at a future day, and such delivery is upon the express contract that, until the price is paid, the owner parts with, and the person receiving the chattel acquires, no title, the latter takes no interest before payment, which can be sold on execution against him; and, on default in payment, the vendor may recover the property or maintain an action for its value, even from a *bona fide* purchaser at a sheriff's sale, on an execution against the party to whom the chattel was thus delivered.(a)

A claim for the wrongful conversion of a chattel, which is a cause of action arising out of a tort, cannot be set up by way of counter-claim, in an action arising upon contract.

APPEAL from a judgment of a justice of a district court. The plaintiff claimed to recover the value of an iron safe, sold to the defendants at a stipulated price. The defence was, that the plaintiff had converted to his use an iron safe belonging to the defendants, and the possession of which they had parted with to Gross & Morass, under the following agreement, viz. :—

"NEW YORK, July 1st, 1854.
"Received from Stearns & Marvin, one patent salamander safe, No. ——, delivered to us this day, under a bargain for the

---

(a) See *Herring v. Hoppock,* 15 N. Y. Reports, 409.

Piser v. Stearns & Martin.

sale thereof, and for which we have given our note at six months for $80. And it is expressly understood that said Stearns & Marvin neither part with nor do we acquire any title to said safe until said note is fully paid. And in case of default in the payment thereof at maturity, said Stearns & Marvin are hereby authorized to enter our premises and take and remove said safe, and collect all reasonable charges for the use of the same.

(Signed) " GROSS & MORASS."

The note given was not paid, and before it became due the sheriff, under an execution against Gross & Morass, sold the safe to one Alexander, who afterwards sold it to the plaintiff, who was in the possession of it when this action was commenced. had been duly demanded of him by the defendants, and he refused to deliver it up.

A counter-claim was set up in this action for the value of the safe, stated to be $85, and on these facts being shown the justice gave judgment in favor of the defendants, for the difference between the price at which the plaintiff sold his safe to the defendants, and the value of the defendants' safe so converted by the plaintiff.

The plaintiff appealed.

*E. Yenni*, for the appellant.

*R. S. Emmett*, for the respondent.

I. The respondents were the owners of the safe sold by the sheriff, under execution against Gross & Morass, and afterwards in the possession of the appellant, who tortiously converted the same. 1. The interest of Gross & Morass was not transferable so as to affect the rights of the respondents, and any attempt of Gross & Morass to transfer the safe, or any levy thereon under a judgment against them, entitled the respondents to the immediate repossession. 2. The sale by the sheriff, if valid at all, was only so to the extent of the interest of Gross & Morass, and the

title acquired by a purchaser was subordinate to the rights of the respondent. 3. The sheriff's sale, therefore, passed no interest whatever, and the purchaser, as in all purchases at sheriffs' sales or elsewhere, takes the chances of good or bad title.

II. The claim of the respondents, for the value of the safe thus tortiously converted by the appellant, was a proper subject of set-off to the appellant's claim for which this suit was brought. 1. In all cases of conversion, the party injured may waive the tort and bring assumpsit for goods sold and delivered. 2. The tort being thus waived, the claim becomes a money demand on contract.

INGRAHAM, FIRST JUDGE.—The defendants in this case set up in their answer, by way of counter-claim to the plaintiff's demand, a claim for damages for the non-payment for and conversion of an iron safe, owned by the defendants, which the court below admitted, and gave judgment for the defendants for a balance thereon.

It can hardly be necessary to discuss the question whether, in a proper form of action, the defendants could recover from the plaintiff the safe referred to. It will be enough, for this case, to concede such right to the defendants; and I think the authorities sustain their claim to it. They never parted with the title, but by an express contract they retained it and refused to allow any title whatever to pass until the safe was paid for.

Under such a contract the persons who had possession of the safe had no title or interest in it which could be the subject of levy, or sale by the sheriff. *Andrew* v. *Dieterich*, 14 Wend. 32; *Salters* v. *Evarts*, 20 Wend. 273.

The defence was improperly admitted as a counter-claim. By the 150th section of the Code of Procedure, the counter-claim allowed must be a cause of action arising on contract, and existing at the commencement of the suit. It does not allow a claim for damages for a tort to be used for that purpose. Here the defendants, in their answer, claim to recover damages for the conversion of a safe. This is not a cause of action arising out of

Piser v. Stearns & Marvin.

a contract, but out of a tort. It does not aver any sale or delivery of goods, or any contract between the plaintiff and defendants, nor does the evidence show any. On the contrary, the facts proven were the ordinary matters of evidence to establish an action of trover, viz., title to the goods in the claimant, and a demand upon and refusal by the person in possession to deliver them up.

We had occasion to examine a similar question at the general term, January, 1855, in *Drake* v. *Cockroft* (4 E. D. Smith, 34; 10 How. Pr. Rep. 377), where a counter-claim for property illegally held by the plaintiff was claimed by the defendant, and the court held that no such demand could form the subject of a counter-claim.

It is said that the claimants may waive the tort, and bring assumpsit for the goods. This is undoubtedly true, but still it does not make the claim available as a counter-claim. Because,

1st, It does not arise upon a contract. The cause of action arises in a tort, and no fiction of law can alter its nature, although it may alter the remedy. The tort, viz., the refusal to deliver the property to the owner on demand, is the origin. The law allows him, by a fiction, to recover its value by an implied assumpsit; but that does not make its origin a contract.

2d. The answer does not present the claim as founded on contract. It alleges the tort, and claims for the conversion. This can never, as a matter of pleading, be called a contract; and if a party may waive the tort and bring assumpsit, it is sufficient to say that he did not waive the tort, nor set up a claim in assumpsit, but in tort in the present case.

The judgment must be reversed.