### SLADE v. MONTGOMERY et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

1. BILLS AND NOTES—EXECUTION—FRAUD—DURESS.

Where defendants owned all the stock in a railway corporation, and the board of directors by resolution employed plaintiff as secretary, and prospective purchasers refused to buy the road until a release was obtained from plaintiff for his salary, and in order to procure the release the defend-

ants executed their individual note to plaintiff for his unpaid salary, the execution of the note was not fraudulent, since there was no concealment or fraudulent representation, nor void for duress.

**2. SAME—COUNTERCLAIM—SAME CAUSE OF ACTION.**

Under Code Civ. Proc. § 501, subd. 2, providing that a counterclaim must be either a cause of action arising out of the contract set forth in the complaint, or another cause of action on contract existing at the commencement of the action, in an action on a note executed in satisfaction of plaintiff's salary, an answer alleging that plaintiff was custodian of cash belonging to the defendants while he was in their employment, and that his accounts showed payments to himself which he had acknowledged to be true, pleaded a proper counterclaim to the note.

**3. SAME—PLEADING—PROOF—VARIANCE—SUBMISSION TO JURY.**

Where defendants pleaded as a counterclaim to their individual note given in satisfaction of plaintiff's salary as secretary of a corporation of which the defendants were stockholders that plaintiff was custodian of certain funds belonging to the defendants, out of which he had made payments to himself, and the proof showed that the funds belonged to the corporation, the submission of such counterclaim to the jury was erroneous.

**4. SAME—COUNTERCLAIM—SUBJECT-MATTER.**

Where plaintiff sued on a note executed in satisfaction of his salary as secretary of a corporation of which the makers were stockholders, an answer which alleged that plaintiff, in securing a loan for the corporation, had fraudulently appropriated the commission, did not constitute a counterclaim, since it pleaded a counterclaim in tort to an action on a contract.

**5. SAME.**

In an action on a note executed in satisfaction of plaintiff's salary as secretary of a corporation, an answer which alleged that plaintiff agreed to obtain a loan for the defendants, for which they paid the full commission, but that he failed to procure the full amount of the loan, and refused to return on demand the commission on the part which the defendants did not receive, pleaded a proper counterclaim against the note.

**6. COUNTERCLAIM—CONFLICTING TESTIMONY—DIRECTION OF VERDICT.**

Where in an action on a note defendants introduced evidence of a counterclaim, which was opposed only by the testimony of plaintiff, the direction of a verdict for plaintiff was erroneous.

Appeal from Westchester county court.

Action by Richmond E. Slade against Howard T. Montgomery and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

J. Rider Cady, for appellants.
James M. Hunt, for respondent.

JENKS, J. This is an appeal from a judgment of the county court of Westchester entered upon a verdict directed for the full amount of the plaintiff's claim upon a joint and several promissory note for $750, made by the defendants to the order of the plaintiff. Each answer admits the giving of the note, but alleges that its execution was obtained by fraud or duress, and contains certain counterclaims. The replies denied the allegations in counterclaim, and alleged adjustment and settlement of the claims set up in paragraph 3 of the complaint by the delivery of the note. The defendants owned almost all of the

stock of a railroad corporation, and the plaintiff was its secretary. The minutes of the directors of August 25, 1894, show this resolve: "That the secretary be paid $50 per month until the road is in operation, and thereafter not to exceed $100 per month; said salary to begin October 1, 1894, to accumulate, and be paid out of the net earnings of the company." In 1897 the defendants were about to sell the road, and the purchasers insisted as a condition of purchase that the defendants should furnish a release from the plaintiff of any claim for the services contemplated by said resolution. The defendants sought the release, but the plaintiff held off, demanding $1,500, while they insisted that nothing was his due. After haggling, the note in suit was given in October, 1897, in consideration of such release. There is no proof of fraud in the circumstances attendant upon the execution and delivery of the note. The proposed purchaser would not buy unless the plaintiff executed a release, and the plaintiff refused to give the release unless the note was made. There is neither concealment nor false representation. The plaintiff simply barred the way. Further, the plaintiff did not compel the delivery of the note. He refused to execute the release unless the note was given, and the penalty of his refusal was but the consequent inability of the defendants to satisfy the proposed purchaser. The defendants did not stand in vinculis, nor were they terrorized or intimidated; and there was, consequently, no duress. League v. De Forest, 80 Hun, 379, 30 N. Y. Supp. 88, affirmed in 151 N. Y. 654, 46 N. E. 1148.

The first counterclaim sets forth that between August, 1894, and July, 1897, the plaintiff was custodian of cash belonging to defendants, and at times exhibited his accounts, whereon items appeared of payments to himself; that he stated that the account showed the true amount received, and, as it was short of the amount received, he had so charged the deficits to himself, as he must have received the money; wherefore the defendants seek to recover such amounts. I think that the counterclaim is properly pleaded under the second subdivision of section 501 of the Code of Civil Procedure. An agent or person acting in a fiduciary capacity is not subject to an action for tort for a mere omission, but only for acts of misfeasance. Segelken v. Meyer, 94 N. Y. 473. Even if the action be ex delicto, the defendants could waive the tort, and sue in assumpsit. Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726; Coit v. Stewart, 50 N. Y. 17. This they have done. But the facts adduced tend to show that such money was the property of the corporation. Thus the defendant Montgomery testified:

"I also told him [the plaintiff] that he had received considerable money from the company, or rather helped himself to it, which he admitted."

Again, the same witness testified:

"I had several conversations with Mr. Slade [the plaintiff] in reference to the accounts of the road. I asked him to show me a statement of the receipts and disbursements. * * * I looked over the books. * * * I called his attention to the difference between the total receipts and disbursements. * * * At the time the note for $750 was given the fact was stated that he had drawn considerable money from the railroad company."

No proof was made that entitled these defendants to counterclaim the dues of the railroad corporation against the plaintiff, and there-

fore there was no evidence to warrant the submission of this counter-claim to the jury.

In 1896 the defendants needed money to maintain this railroad, and plaintiff took part in the negotiations for a loan of $55,000, to be made through Seed from Hoagland. The defendants testify that plaintiff told them that Seed wished a commission of 5 per cent., but desired that they should pay it through plaintiff, in order that the commission might be concealed from Seed's principal, Hoagland, who was also Seed's intimate friend. Five per cent. upon $55,000—the commission said to be required—was thereupon paid to plaintiff for Seed, who, it is claimed, never received it, and never required it. Therefore the defendants attempt to counterclaim said sum paid to plaintiff as Seed's commission. But this counterclaim is not properly pleaded. The cause of action is contract, based upon the promissory note given in 1897 in adjustment of any possible claim of the plaintiff for salary as secretary of the defendant corporation in view of such services and the resolution of the directors fixing his salary. The subject-matter of the counterclaim is his alleged deceit or fraud in obtaining commis-sions from the defendants in procuring a loan of $50,000 or $53,000 for defendants or for the corporation in 1896. It is not pretended that he acted as secretary in securing the loan, or that such services were incident to that office. Clearly, then, the cause of action does not arise out of the contract or transaction set out in the complaint, and is not connected with the subject of the action, and therefore is not with-in the purview of subdivision 1 of section 501 of the Code of Civil Procedure. And whether the second subdivision of section 501 ap-plies depends upon the question whether the counterclaim sets out any other cause of action on contract existing at the commencement of the action, while this counterclaim is founded on tort. Admitting that the defendants could have waived the tort, and have based their counterclaim upon assumpsit (Rothschild v. Mack, supra; Coit v. Stewart, supra), they have not done so. Bliss, Code Pl. § 153, states that the rule that the determination whether the action is for a tort or for a contract depends upon the presence or absence in the plead-ings of an allegation that the false representation, fraud, and deceit were made with an intent to deceive or cheat. Sparman v. Keim, 83 N. Y. 245; Lindsay v. Mulqueen, 26 Hun, 485; Allen v. Allen, 52 Hun, 398, 5 N. Y. Supp. 518. After setting forth the facts as indicated, the pleader proceeds: "That the statements made by plaintiff to de-fendant * * * as aforesaid were false and untrue, and further that the statements made by plaintiff to defendant that it would be to defendant's advantage to pay said Seed an additional commission * * * were likewise false and untrue." Defendants further "allege upon information and belief that the statement made by plaintiff to defendant that said Seed requested and required a commission for procuring said loans for defendant was a fraud and deceit practiced by plaintiff upon defendants for the purpose of obtaining the sum of $2,750 for plaintiff's own benefit and advantage." Defendants further allege that plaintiff did not pay Seed the said sum, or any part thereof, but allege "that he wrongfully, fraudulently, and deceitfully converted said moneys, and applied the same to his own use," and is now indebted

because of the said fraud and false representations. Applying this rule, it is clear that the pleading here is in tort, and therefore it was not proper to consider it as a counterclaim in this action. Bliss, Code Pl. § 381; Mayor, etc., of New York v. Parker Vein S. S. Co., 8 Bosw. 300 (Woodruff, J.); Piser v. Stearns, 1 Hilt. 86; Drake v. Cockroft, 4 E. D. Smith, 34. And, as the character of the counterclaim depended upon the pleading thereof, it was not competent for the trial court to convert a pleading in tort into one in contract. Neudecker v. Kohlberg, 81 N. Y. 296. Segelken v. Meyer, supra, does not apply here, in that it was there held that an agent or person acting in a fiduciary capacity is not subject to an action of tort for a mere omission, such as not paying over money due, but only for acts of misfeasance. There the question was an action against an attorney for not accounting, or in not paying over a balance struck against him on an accounting. But here the counterclaim is pleaded directly upon the tort; and the same is true of the amendment made to the answer at the trial.

The third counterclaim is properly pleaded, for the pleader now waives the tort and claims in assumpsit. It is alleged that plaintiff procured and agreed to procure a loan for defendants of $55,000, for which defendants agreed to pay Seed 5 per cent. commission, and that at plaintiff's request, and for Seed, defendants paid plaintiff $2,750 for said commission; that Seed failed to procure or pay more than $53,000, and that defendants demanded of plaintiff the return of $100, being 5 per cent. of $2,000, which amount defendants never received of said loan of $55,000 promised to defendants by Seed; and that the said $100 had been demanded of plaintiff. The mere assertion at the end of this pleading that the plaintiff converted the money to his own use is "surplusage under the circumstances." Segelken v. Meyer, supra. Testimony was offered by the defendants to sustain this pleading. Opposed was but the testimony of the plaintiff. The learned judge of course could not say that there was no evidence, and could not properly say that the weight of evidence was so preponderating in favor of the plaintiff that a verdict contrary to it would be set aside, and therefore he was not warranted in his direction of the verdict (Hemmens v. Nelson, 138 N. Y. 517, 529, 34 N. E. 342, 20 L. R. A. 440; Linkauf v. Lombard, 137 N. Y. 417, 33 N. E. 472), and the exception to his refusal was sufficient (Vail v. Reynolds, 118 N. Y. 297, 304, 23 N. E. 301). The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.