LEHMAN v. CORES-MARTINEZ CO.

(Supreme Court, Appellate Division, First Department.　March 3, 1916.)

1. PLEADING ⊙═⇒142—COUNTERCLAIM—ANSWER.

In an action on a note by the transferee after maturity, an answer of the defendant maker, setting up a note made by plaintiff's assignor to defendant's order, if established, constituted a good counterclaim, though it was designated a set-off.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300; Dec. Dig. ⊙═⇒142.]

2. BILLS AND NOTES ⊙═⇒486—PLEADING ⊙═⇒411—COUNTERCLAIM—DESIGNATION IN PLEADING—WAIVER—ISSUES AND PROOF.

Where such answer was treated as a counterclaim by the plaintiff, who replied thereto, but set up no affirmative defense, plaintiff could not assert that the answer was not a counterclaim, and could not contest the counterclaim by showing that the note set up as a counterclaim was made for the defendant's accommodation.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1565–1574; Dec. Dig. ⊙═⇒486; Pleading, Cent. Dig. §§ 1384, 1385; Dec. Dig. ⊙═⇒411.]

Appeal from Appellate Term, First Department.

Action by Leo J. Lehman against the Cores-Martinez Company. From a determination of the Appellate Term (155 N. Y. Supp. 218), reversing a judgment of the City Court, entered upon a verdict directed by the court, and from an order denying a motion for a new trial, plaintiff appeals. Determination reversed, and judgment of City Court affirmed.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and DAVIS, JJ.

E. Walter Beebe, of New York City, for appellant.
Sydney W. Stern, of New York City, for respondent.

⊙═⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DAVIS, J. This action was brought in the City Court to recover a balance of $644.22 due on a promissory note made by the defendant to the order of S. Levy & Co. and by the latter transferred to the plaintiff after maturity. In its answer the defendant set up facts which constituted a good counterclaim on a promissory note of $1,000 made by S. Levy & Co., plaintiff's assignors, to the order of the defendant; but the defendant designated its facts as a set-off and asked for the dismissal of the complaint.

The plaintiff served a reply to this answer, which, while containing denials, set up no affirmative defense. Upon the trial, the $1,000 note set up in the answer and referred to therein as a set-off was admitted in evidence, over the objection of the plaintiff, who contended that facts constituting a counterclaim must be designated as such in order to be available as a counterclaim. Plaintiff then sought to show that the note set up as a counterclaim was made for the accommodation of the defendant. On this point the trial court ruled against the plaintiff, on the ground that no such defense was pleaded in the reply. Each party then moved for a direction of a verdict, and a verdict was directed for the defendant. Judgment on the merits was entered in favor of the defendant for $76.48 costs.

On appeal to the Appellate Term this judgment was reversed and a new trial granted. The Appellate Term took the view that the facts relied upon as a counterclaim were not available as such, because they were designated as a set-off and not as a counterclaim; that therefore the reply was unnecessary, and the plaintiff should have been permitted to show the accommodation character of the note set up in the answer, as if no reply had been served.

[1, 2] We think the Appellate Term erred. The facts pleaded in the answer, if established, constituted a good counterclaim. Knickerbocker Trust Co. v. Condon, 147 App. Div. 871, 133 N. Y. Supp. 95, affirmed without opinion 212 N. Y. 613, 106 N. E. 1035; Cable Flax Mills v. Early, 72 App. Div. 213, 215, 76 N. Y. Supp. 191; Nelson Co. v. Silver, 160 App. Div. 445, 448, 145 N. Y. Supp. 124. They were treated as such by the plaintiff, and he replied to them. Although those facts were referred to as an offset, the plaintiff was left in no doubt as to what the pleader intended. For this reason, the reasoning in American Guild v. Damon, 186 N. Y. 360–364, 78 N. E. 1081, cited in the opinion of the Appellate Term, does not apply here. In that case it was held that defendant, in the absence of a reply, could not preclude plaintiff from contesting a counterclaim, unless it was distinctly named as a counterclaim in the answer. In the case at bar there was a reply, and therefore no such strict rule applies; the plaintiff understood and treated the answer as setting up a counterclaim.

The cases in which a plaintiff may contest a counterclaim where no reply has been served are those in which the facts constituting the counterclaim are not expressly designated as such. As was said in Acer v. Hotchkiss, 97 N. Y. 408:

"Such a rule is essential to protect a plaintiff from being misled by an answer, and to prevent the snare of a counterclaim lurking under the cover of a supposed defense, and unconsciously admitted by a failure to reply."

In the case at bar the plaintiff was not misled. He did reply, but failed to set up his defense to the counterclaim.

The determination of the Appellate Term is reversed, with costs in this court and in the Appellate Term, and the judgment of the City Court affirmed. All concur.