LEO ·C. DESSAR, Plaintiff *v.* BERNARD GUNTHER, Defendant.

(Supreme Court, New York Special Term, January, 1917.)

Counterclaim — allegations ' of — objections  to — what  constitutes — pleading — negotiable instruments — actions — services — contracts — Code Civ. Pro. §§ 495, 496, 547, 501, subds. 1 and 2 — motions and orders.

In an action upon a promissory note the service of a reply to a counterclaim precludes plaintiff from successfully urging defects therein.

Upon a motion under section 547 of the Code of Civil Pro·cedure, which in effect permits the trial of an action on the pleadings, the requirement of section 496 of said Code as to specifying the grounds of objection to a counterclaim, upon demurrer thereto under section 495 of said Code, does not apply.

A counterclaim in an action upon two promissory notes, in substance, alleged that plaintiff agreed to pay defendant for services a weekly salary of thirty dollars plus expenses together with a specified amount on the obtaining of contracts between plaintiff and the owners of certain real property, said payments to be made weekly, and a commission of ten per cent on plaintiff's gross earnings; that thereafter said agreement was surrendered and a new one made pursuant to which defendant's allowances and expenses were to be charged against his commissions; that he was induced to surrender the old agreement and enter into the new one by the false representations of plaintiff, made with intent · to deceive and defraud, that he desired to modify the old agreement; that subsequently the new agreement was made fixing defendant's salary at forty dollars a week and providing for the payment, every three months, of the amounts to be paid on the. 'signing of contracts; that defendant was entitled to $2,500 commissions together with certain other specified amounts aggregating $400 and the prayer for relief was for a dismissal of the complaint, the reformation of the new agreement and that defendant recover $2,500 and costs. *Held,* that, as the counterclaim neither arose out of the transaction in which the notes were

given nor was connected with them, it did not constitute a counterclaim within the meaning of section 501(1) of the Code of Civil Procedure.

The contract of which defendant sought reformation and upon which his claim for commissions would ultimately be based was one entirely different from the one on the notes and being a cause of action arising out of tort did not constitute a proper counterclaim under section 501(2) of the Code of Civil Procedure.

Whether in pleading a cause of action arising out of tort the pleader has elected to waive the tort and sue on contract is to be determined by the presence or absence of an allegation that, in the alleged false representations, fraud and deceit, there existed an intent to deceive and cheat.

That plaintiff put in issue the allegations of the counterclaim by serving a reply did not preclude him, on a motion for judgment on the pleadings, from asking that the counterclaim be dismissed.

MOTION for judgment on the pleadings.

Ferdinand Pecora, for motion.

Henry Schoenher, opposed.

GIEGERICH, J. The action is on two promissory notes made by the defendant to the plaintiff's order. The complaint, in the usual form, alleges the making and delivery of the notes for a valuable consideration, and non-payment. The answer does not deny any of the allegations of the complaint except the allegations of indebtedness " that there is now due and owing to plaintiff by said defendant " the respective amounts of the notes, with interest. The answer also sets up certain matters which, although not expressly designated as a counterclaim, have been treated as such by the plaintiff, who served a reply thereto. Although it is stated in the plaintiff's main brief that the counterclaim is somewhat loosely and vaguely phrased,

no point is made of the omission, and the matters so set up are discussed as if they had been designated as a counterclaim. Even if the plaintiff had so desired, the omission could not be successfully urged in view of the service of a reply (*Lehman* v. *Cores-Martinez Co.*, 171 App. Div. 852), and the matter is mentioned only to apprise the defendant of the defect in his pleading so that it may be remedied in case he avails himself of the leave hereafter granted to amend on terms. The sufficiency of the allegations of the counterclaim, as well as of the denial above set forth, are challenged by the plaintiff, who has moved for judgment on the pleadings herein for the relief demanded in the complaint and dismissing the counterclaim. The motion is made under section 547 of the Code of Civil Procedure, which, in effect, permits a trial of the action on the pleadings and the procedure is analagous to a motion at the opening of a trial. *Schleissner* v. *Goldsticker*, 135 App. Div. 435; *National Park Bank* v. *Billings*, 144 id. 536; affd., 203 N. Y. 556. Such being the case, the requirement of section 496 of the Code of Civil Procedure as to specifying the grounds of objection to the counterclaim where a demurrer is taken thereto under section 495, relied on by the defendant, has no application to a motion of this character. Passing to a consideration of the merits of the motion, it is plain that the denials of indebtedness contained in the answer are merely denials of conclusions of law and do not put in issue any of the allegations of fact upon which the causes of action are founded. *Emery* v. *Baltz*, 94 N. Y. 408; *Kay* v. *Churchill*, 10 Abb. N. C. 83. The counterclaim in substance alleges that on or about April 24, 1905, the plaintiff and the defendant entered into an agreement whereby the former agreed to pay the latter for certain services to be rendered a weekly salary of $30, plus expenses, '' together with

a specified amount on the obtaining of contracts between the plaintiff and the owners of real property, said payments to be made weekly, and a commission of ten per cent. (10%) upon all gross earnings of the plaintiff from such owners;" that thereafter, in the spring of 1907, the defendant surrendered the said agreement of April 24, 1905, and entered into a new agreement with the plaintiff which differed from the former one in that the " allowances to be paid to the defendant per week and for expenses, and the specified sums on each contract secured from owners of lands, were to be charged against the defendant's commissions instead of being payable in addition to such commissions, as provided in the agreement of April 24, 1905;" that the defendant was induced to surrender the aforesaid agreement and to enter into the substituted one as a result of the plaintiff's fraudulent misrepresentations that the plaintiff desired to modify the original agreement merely by altering " the description of the defendant's vocation," which representations, it is alleged, " were made with intent to deceive and defraud the defendant;" that in the month of October, 1907, the plaintiff and the defendant entered into a further agreement modifying the one of April 24, 1905, by fixing the defendant's salary at $40 instead of $30 per week, and providing that " the specified amounts to be paid on the signing of the contracts with the owners of lands and improvements should be paid every three months; " that the defendant " duly performed all the terms and conditions of the said agreement required to be performed on his part," and secured for plaintiff a large number of contracts for services from the owners of divers parcels of real estate and under which contracts the plaintiff received upwards of $25,000 from such owners, out of which the defendant claims to be entitled

to $2,500 " for his commission," together with certain
" specified amounts " aggregating $400, making a
total of $2,900. The prayer of the answer is that the
complaint be dismissed; that the agreement made in
the spring of 1907 between the plaintiff and the defend-
ant be reformed so as to express the agreement
between the plaintiff and the defendant as aforesaid;
that the defendant recover from the plaintiff the sum
of $2,900, together with the costs and disbursements
of the action, and that the defendant have such other
and further relief in the premises as to the court may
seem just. In order to constitute a proper counter-
claim under section 501 of the Code of Civil Pro-
cedure it " must tend, in some way, to diminish or
defeat the plaintiff's recovery, and must be one of the
following causes of action against the plaintiff: * * *
" 1. A cause of action arising out of the contract or
transaction, set forth in the complaint as the foundation
of the plaintiff's claim, or connected with the subject
of the action. 2. In an action on contract, any other
cause of action on contract, existing at the commence-
ment of the action." This counterclaim clearly does
not come within subdivision 1 of the foregoing section,
because nothing contained in it suggests that the
alleged cause of action therein set forth arose out of
the same transaction as that in which the notes were
given or that it is connected with those notes. It
therefore does not come within the authority of *Ben-
nett* v. *Edison Electric Ill. Co.,* 164 N. Y. 131, and
*Lowenthal* v. *Haines,* 160 App. Div. 503, which lay
down the rule that in an action on contract the defend-
ant may interpose a counterclaim alleging fraud or
mistake in the making of the contract and seeking
equitable judgment canceling or reforming such con-
tract. Such a counterclaim can be interposed under
subdivision 1 of section 501, because the cause of action

arises out of the same contract or transaction forming plaintiff's cause of·action or is directly connected therewith. Here, however, the situation is entirely different. As above stated, the defendant, by reason of plaintiff's alleged false representations, seeks a reformation of the contract upon which his claim for commissions would ultimately be based. This is a contract entirely different from the one upon which the plaintiff predicates his cause of action, viz, promissory notes. Neither is such an equitable claim for the reformation of another contract between the parties an action on contract within the second subdivision of section 501, and hence is not available as a counter·claim in this action. *Sugden* v. *Magnolia Metal Co.*, 58 App. Div. 236; *Johnson* v. *Johnson*, 157 id. 289. Furthermore, as stated above, the counterclaim alleges that by reason of the plaintiff's willful misrepresentations the defendant was induced to surrender the contract of employment alleged to have been made on April 24, 1905, and to enter into a new one in place thereof which radically changed the terms of the defendant's compensation for services, and it specifically alleges that such false representations by plaintiff " were made with intent to deceive and defraud the plaintiff." The question whether in pleading a cause of action arising out of tort the pleader has elected to waive the·tort and sue on contract is determined by the presence or absence of an allegation that in the alleged false representation, fraud and deceit there existed an intent to deceive or cheat. *Slade* v. *Montgomery*, 53 App. Div. 343, citing Bliss Code Pl. § 153. Under the rule above stated these allegations stamp the defendant's alleged cause of action as one arising out of tort and not out of contract, and therefore it does not form any basis for a counterclaim to the plaintiff's cause of action. *Slade* v. *Montgomery, supra; Story*

v. *Richardson,* 91 App. Div. 381. The mere fact that the answer demands a money judgment in addition to an affirmative judgment for the reformation of a contract not in any way connected with promissory notes does not change the character of the cause of action stated in the counterclaim. The interposition by the plaintiff of a reply to the counterclaim putting in issue the allegations thereof does not preclude him from moving for a dismissal of the counterclaim upon this motion. *Dinan* v. *Coneys,* 143 N. Y. 544; *Story* v. *Richardson, supra.* The motion should therefore be granted, with ten dollars costs, but with leave to the defendant to amend within twenty days upon payment of such costs.

Motion granted, with ten dollars costs.