ARTHUR BURNS THOMSON, Respondent, *v.* JOSHUA C. SANDERS, Appellant.

In 1872, one W. recovered a judgment in South Carolina against the plaintiff in this action of which the defendant herein was the beneficial owner, although he had not the legal title. In August following, W. brought an action in this state upon the judgment. Plaintiff, by his answer therein, alleged that no process was served upon him in the South Carolina action, and that he neither appeared nor authorized an appearance in his behalf. Under a compromise agreement plaintiff paid defendant $500 and the latter gave his bond, conditioned to indemnify and save plaintiff harmless against all claims set forth in the complaint in that action and against all costs and damages plaintiff may be compelled to pay, by reason of said action, or the claims upon which the same is based. The legal title to the South Carolina judgment was afterwards assigned to defendant, who brought an action upon it against plaintiff, alleging that he was induced to compromise with him by fraud. Plaintiff answered, and the complaint was dismissed, because of the omission of defendant to tender back the $500. This action was brought upon defendant's bond, to recover the costs and expenses incurred by the plaintiff in excess of those recovered in the action. Defendant set up as a counter-claim that he compromised with plaintiff, relying upon the truth of his allegations in his answer in the suit brought by W. in this state, and otherwise made by him; that such allegations and representations were false and fraudulent, and asked to recover the damages sustained by reason of the fraud. *Held*, that defendant's liability upon his bond was not limited to such costs and damages as plaintiff should incur in the prosecution of the claim against him by W., but included such as should arise from the prosecution of it by any other party having title to it; that the answer

set up a proper counter-claim; that as the counter-claim seeks not to rescind the compromise, but simply to recover damages, because of the alleged fraud, no restoration of the $500 so received by plaintiff from defendant upon the compromise was essential, but it might be retained by him and taken into consideration on the question of damages.

Also, *held*, that the former action brought by plaintiff was not a bar.

(Argued December 11, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 1, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The facts out of which this action arose, are, that in 1872, Levi P. Wagner, recovered in the court of Common Pleas of Charleston county, state of South Carolina, a judgment against the plaintiff and two other persons for upwards of $4,000, of which judgment the defendant herein was the beneficial owner, although he had not the legal title. In August following, an action was brought in the name of Wagner, upon such judgment, in the Supreme Court of the state of New York, against the judgment debtors. The plaintiff by his answer in that action, alleged that no process was served upon him in the South Carolina action, and that he neither appeared or authorized an appearance in his behalf therein. Wagner having died, Julia E. Wagner was substituted as plaintiff in the action in the Supreme Court, and afterwards, during its pendency the plaintiff and the defendant herein made a compromise and settlement of the matter, by which the plaintiff paid to the defendant $500, and the latter made and delivered to Thomson an instrument of which the following is a copy :

"Know all men by these presents, that, I, Joshua C. Sanders, of the city of New York, am held and firmly bound unto Arthur Burns Thomson, of the same place, in the sum of one thousand dollars ($1,000), lawful money of the United States of America, to be paid to the said Arthur Burns Thomson, his executors, adminstrators or assigns ; for which payment, well and truly to be made, I bind myself and my heirs, execu-

tors and administrators, firmly by these presents. Sealed with my seal. Dated the thirteenth day of April, one thousand eight hundred and seventy-six. The condition of this obligation is such that if the above bounden Joshua C. Sanders shall indemnify and save harmless said Arthur Burns Thomson against all claims set forth in the complaint and supplemental complaint in an action in the Supreme Court against said Thomson and others, defendants, by Julia E. Wagner, as administratrix of Levi P. Wagner, deceased, plaintiff; and also against all costs and damages which said Thomson may be compelled to pay by reason of said action or claims upon which the same is based, then the same to be void, otherwise to remain in full force and effect."

"JOSHUA C. SANDERS, [L. S.]

"Witness, E. B. Convers."

Afterwards the legal title to the South Carolina judgment was assigned by one Beecher (who had taken an assignment of it from the administratrix) to defendant, who brought an action upon it against Thomson, alleging by way of relief from the effect of the compromise, before mentioned, that he was induced by fraud to make it Thomson answered, the issues came on to trial and the complaint was dismissed because of the failure of defendant to tender back the $500 before suit brought. This action was brought upon the defendant's bond to recover the costs and expenses incurred by the plaintiff in excess of those recovered in the last mentioned action. The defendant amongst other matters alleged in his answer by way of counter-claim, that he made the compromise in reliance upon the truth of the allegations made by Thomson, in his answer in the Wagner action, and otherwise made by him, to-wit, that he was not served with process in the South Carolina action and that he neither appeared or authorized any appearance for him in that action; that such allegations and representations were false and fraudulent, and that as the consequence the defendant sustained damages in an amount stated, for which he asks a recovery.

Some further facts appear in the opinion.

*D. Cady Herrick* for appellants. The claim for additional costs set up in this action by plaintiff, arising from the action of Sanders against him, might have been litigated and determined in that action; failing to do so, he is estopped from litigating it in this action. (*Yates* v. *Fassett,* 5 Den. 28; *Matthews* v. *Duryea,* 45 Barb. 69; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *Smith* v. *Smith,* 79 id. 634.) The court at General Term erred in sustaining the rulings of the judge at trial term, holding that "there does not seem to have been any error committed on the trial." (*Gould* v. *C. C. N. Bank,* 86 N. Y. 75, 84; 99 id. 333, 337.) The claim set up by the defendant in his answer, was a proper counter-claim to the claim set up by the plaintiff in the complaint, within section 501 of the Code of Civil Procedure. (*Carpenter* v. *M. L. Ins. Co.,* 93 N. Y. 556; *G. H. M. Co.* v. *Hall,* 61 id. 235, 236, 237; *Cass* v. *Higenbotam,* 100 id. 248; Moak's Van Santvoord's Pleadings [3d ed.], 628.) The defendant cannot be held liable on the bond beyond its precise term. (*Belloni* v. *Freeborn,* 63 N. Y. 388; *Gates* v. *McKee,* 13 id. 236; *Hamilton* v. *Van Rensselaer,* 43 id. 244; *Melick* v. *Knox,* 44 id. 679; *Bancroft* v. *Winspear,* 44 Barb. 212.) The term "cost and damages" as used in the bond, had reference solely to such as might be adjudged against the plaintiff herein in the Wagner action. (*Low* v. *Archer,* 12 N. Y. 277, 282; *Armstrong* v. *Percy,* 5 Wend. 536, 540; *Hallock* v. *Belcher,* 42 Barb. 199; *Scott* v. *Tyler,* 14 id. 202, 204.) The court at General Term also erred in holding that "the bond in question is general in its terms," that its terms are as limitless as undertakings given in the issuing of attachments or injunctions, or on levy and sale on execution by the sheriff. (*Westervelt* v. *Smith,* 2 Duer, 449; *Trustees, etc.* v. *Gallatin,* 4 Cow. 340; *Corcoran* v. *Judson,* 24 N. Y. 106; *Bancroft* v. *Winspear,* 44 Barb. 209.) There has been no adjudication on the issues raised in this action. (*Brown* v. *Gallaudet,* 80 N. Y. 413, 417.)

*E. B. Convers* for respondent. The validity of the bond of indemnity is *res adjudicata* by the final judgment on the

merits in the former action between the same parties in the City Court of New York, wherein the same issues were joined with respect to its construction and the alleged fraud in its inception. (*Davis* v. *Tallcott*, 12 N. Y. 184; *Patrick* v. *Shaffer*, 94 id. 423; *Griffen* v. *R. R. Co.*, 102 id. 449; *Scott* v. *Pilkington*, 2 B. & S. 10; *Patrick* v. *Shaffer*, 94 N. Y. 423.) The damages claimed are recoverable under the bond. (Cowen's Treatise [4th ed.], § 1515; Burrill's Law Dictionary, tit. "Damages," "Costs;" *Smith* v. *Compton*, 3 B. & Ad. 407; *Westervelt* v. *Smith*, 2 Duer, 444; *Chamberlain* v. *Beller*, 18 N. Y. 115; *Trustees, etc.*, v *Galatin*, 4 Cow. 340; *Northup* v. *Garrett*, 17 Hun, 497; *Edwards* v. *Bodine*, 11 Paige, 223; *Corcoran* v. *Judson*, 24 N. Y. 106; *Strong* v. *DeForest*, 15 Abb. 427.) This action is on contract for a breach of the conditions of the bond. The alleged fraud in procuring the compromise and the release from the South Carolina judgment is not available as a defense herein, nor by way of counter-claim. (Code Civ. Proc., § 501; *People* v. *Dennison*, 84 N. Y. 172; *Edgerton* v. *Page*, 14 How. Pr. 164; *Mayor, etc.*, v. *S. Co.*, 12 Abb. Pr. 300; *Bank* v. *Lee*, 7 id. 372; *Agate* v. *King*, 17 id. 159; *Barhyte* v. *Hughes*, 33 Barb. 320.) The retention of the fruits of this settlement is a conclusive election to affirm it. (*Schiffer* v. *Dietz*, 83 N.Y. 300; *Strong* v. *Strong*, 102 id. 69; *Francis* v. *R. R. Co.* 108 id. 93.)

Bradley, J. It is contended on the part of the defendant that the purpose of the bond made by him to the plaintiff, was merely to indemnify the latter against any claim which might be made by Wagner, and the costs and damages resulting to him from the assertion or prosecution of any claim made by Wagner upon the South Carolina judgment, and that it is entitled to such construction, and therefore the bond cannot support an action to recover the costs or expenses incurred by the plaintiff in the defense of the action brought against him by the defendant. The terms of that instrument do not seem to so limit its operation and effect. In the condition of the bond is first described the claim against which the plain-

tiff is indemnified, it then proceeds to indemnify him against all costs and damages which he should be compelled to pay by reason of the Wagner action or claims on which it was based. The claim in view and mentioned was the South Carolina judgment. The indemnity seems to have embraced such costs and damages as the plaintiff should be subjected to, not only in that action but by reason of any claim made against him founded upon such judgment. The relation of the defendant assumed to it was such as to enable him to control the judgment, and he undertook to relieve the plaintiff from its effect as a cause or claim against him for prosecution and its consequences. This would seem to include within its purpose, as represented by its terms, the protection of the plaintiff against the costs and damages resulting to him from the prosecution by any person having the apparent title to it, of any claim founded upon the judgment. Such has been the effect given to it by adjudication which is controlling here upon that question. It appears that after the discontinuance of the Wagner action against the plaintiff in the Supreme Court of this state, the then plaintiff in that action assigned the judgment to one Beecher, who brought an action upon it against the defendant which the latter defended. The discontinuance of that action was procured by the defendant, and thereupon the plaintiff brought against him an action on this bond of indemnity in the City Court of New York, to recover the costs or expenses of defending the Beecher action and recovered. That judgment remains effectual, and must here be deemed to have conclusively established, as between these parties, that the liability of the defendant upon the bond was not limited to such costs and damages as the plaintiff should incur in the prosecution of the claim of Wagner, but included such as should arise from the prosecution of it by any other party having the apparent title to it. (*Doty* v. *Brown*, 4 N. Y. 71 ; *Castle* v. *Noyes*, 14 N. Y. 329 ; *Pray* v. *Hegeman*, 98 N. Y. 351.) The conclusion would seem to follow that the operation of the bond extended to the action prosecuted upon the judgment by the defendant against the plaintiff, so as to afford to the latter the

indemnity for such costs and damages, if any, which he reasonably incurred in excess of the costs recovered in such action.

It is alleged in the answer that the action so brought by the defendant against the plaintiff came on to trial, and that the complaint was dismissed on the ground that the $500, paid to and taken by defendant upon the compromise pursuant to which the bond was made, had not been paid or tendered back to the plaintiff. That was the necessary result of an action brought upon the judgment, because its support by the defendant was dependent upon the rescission of the agreement constituting the compromise, which could be done for the purpose of an action of law, only by tender of restoration by the defendant of that which he had received from the plaintiff. The record of that action is not here, but by the pleadings and evidence in the present case, it appears to have been an action upon the judgment, and that the allegations of fraud on the part of the plaintiff in obtaining the settlement and bond, were intended to furnish a reason for its support.

The alleged cause of action there was different from that set forth in the defendant's answer in this action by way of counter-claim. And for that reason the recovery there would have been no bar to the latter if the dismissal had been on the merits. (*Stowell* v. *Chamberlain*, 60 N. Y. 272.) But it does not so appear. (Code, § 1209.)

The evidence offered by the defendant with a view to prove the alleged fraud was excluded and exception taken. The question therefore arises whether the matter alleged constituted a counter-claim within the statute, which provides that it must be a cause of action against the plaintiff tending to diminish or defeat his recovery, arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. (*Id.* § 501.)

It is alleged in the answer, that the defendant was induced to make the compromise and give the bond of indemnity by the false and fraudulent representations of the plaintiff, made, in the manner stated, with the intent to deceive him, and that as the consequence of such fraud on the part of the plaintiff

the defendant sustained damages for which he demanded judgment. This alleged cause of action of the defendant arose out of the transaction or contract, of which the bond set forth in the complaint as the foundation of the plaintiff's claim was the product, and the making of it constituted a part, and such cause of action alleged by the defendant comes within the meaning of a counter-claim as defined by the statute. (*Litchult* v. *Treadwell,* 7 Wkly. Dig. 83 ; affirmed, 74 N. Y. 603 ; *Carpenter* v. *Manhattan Life Ins. Co.,* 93 N. Y. 552.) The view of the General Term was, ·that as the situation remained the same as it was when the complaint in the action of the defendant against the plaintiff was dismissed, the alleged counter-claim was not available for the reason then existing for the disposition made of that action. It seems to have been assumed that the restoration of the amount paid by the plaintiff to the defendant was essential to the right of the latter to assert such counter-claim. That would have been so if it had been an alleged cause of action upon the South Carolina judgment, as its support would have been dependent upon rescission of the agreement which produced the bond, but the asserted counter-claim is a cause of action founded solely upon alleged fraud, for which the defendant seeks to have allowed to. him the damages he sustained by it.

In making this claim the defendant does not proceed in disaffirmance of the agreement of compromise, that, and the bond of indemnity remain effectual, subject only to his claim for such damages as he may legitimately have sustained by reason of the fraud with which he charges the plaintiff. For the purpose of such relief no restoration was essential. What the defendant received as the result of the agreement may be retained by him, and taken into consideration upon the question of damages in the event the claim for them is supported at the trial. (*Gould* v. *Cayuga Co. Nat. Bank,* 99 N. Y. 333.)

These views lead to the conclusion that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.