TIMOTHY SHEEHAN, Respondent, *v.* ALBERT H. PIERCE, Appellant.

*Slander — countercharge of slander.*

In an action for slander, in which the complaint alleged that on a certain occasion, in the presence of a third party named, the defendant, in words addressed to the plaintiff, maliciously accused the plaintiff of stealing wood and of being a thief, the defendant set up in his answer by way of counterclaim, that on the same occasion and in the presence of the same person as stated in the complaint, and in the course of the same conversation on which the plaintiff's cause of action was founded, the plaintiff maliciously charged the defendant with being a wood thief and stealing the plaintiff's wood.

*Held,* that the slander pleaded by the defendant as a counterclaim could not be said to have arisen out of the " transaction " set forth in the complaint as the foundation of the plaintiff's cause of action, within the meaning of section 501 of the Code of Civil Procedure, and, therefore, did not constitute a counterclaim.

APPEAL by the defendant, Albert H. Pierce, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of Niagara county on the 3d day of January, 1893, sustaining the plaintiff's demurrer to the counterclaim set forth in the defendant's answer, and from the order on which the judgment was entered.

*George D. Judson,* for the appellant.

*P. F. King,* for the respondent.

LEWIS, J.:

The action is for slander. It is alleged in the plaintiff's complaint that on or about the 3d day of January, 1892, the defendant in the presence of one Harriet Pierce, maliciously accused the plaintiff of stealing wood from the defendant and of being a thief. It is charged in the complaint that the words were addressed to the plaintiff personally. The defendant in the fifth count of his answer sets up by way of counterclaim to the plaintiff's cause of action, that on the occasion referred to in the plantiff's complaint, the plaintiff was upon the defendant's premises engaged in removing therefrom wood belonging to the defendant, without his consent. That the plaintiff knew that it was defendant's wood, and that he had no right to remove the same; that defendant ordered him to desist from moving the wood; whereupon the plaintiff maliciously charged

the defendant with being a wood thief and stealing plaintiff's wood. It was further alleged that the cause of action against the plaintiff in favor of the defendant consisted of the same facts and circumstances and conversation and subject-matter upon which plaintiff based his cause of action, and none other, and arose out of the same transaction set forth in the plaintiff's complaint as the foundation of the plaintiff's cause of action, and occurred at one and the same time and place, in the presence of the same persons and in one connected and uninterrupted conversation. Plaintiff demurred to the counterclaim on the ground that it " is not of the character specified in section 501 of the Code of Civil Procedure ; is not a cause of action arising out of the transaction and claim set forth in the complaint herein as the foundation of the plaintiff's claim, and is not connected with the subject of the action herein." The demurrer was sustained.

It is provided in sections 500 and 501 of the Code of Civil Procedure, that the defendant may set up in his answer any new matter constituting a defense or counterclaim which tends in some way to diminish or defeat the plaintiff's recovery ; if the cause of action set up as a counterclaim arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or is connected with the subject of the action. The purpose of these sections is to facilitate the disposition of controversies between parties, and to try them in one action.

" The theory and policy of the statute providing for the disposition of controversies by actions, is that the rights of all the parties to an action, as between the plaintiff and all or any of the defendants, and as between the defendants themselves, shall be adjusted and declared by the judgment when the relation between them and the subjects involved are such as to permit it to be done within the practice prescribed." (*Met. Trust Co.* v. *Tonawanda R. R. Co.,* 43 Hun, 526.)

" It has been the policy of the law in recent times to allow parties to bring into a single action, so far as it can conveniently be done, all the controversies between them for final and complete adjustment. The Statute of Set-off and the doctrine of recoupment have been from time to time extended and enlarged in view of this policy. The Statute of Counterclaim is a still further advance in the same

direction, and should be liberally construed to accomplish the benign object of its enactment." (*More* v. *Rand et al.*, 60 N. Y. 208, 214.)

Here are counter-charges of slander. The plaintiff by demurring admits that on the occasion referred to in his complaint, and as a part of the conversation in which he claims the slanderous words were uttered by the defendant, he slandered the defendant. The matters in difference between the parties can obviously be tried in one action without any practical difficulty. Each party will be entitled upon the trial to prove everything that occurred on the occasion which preceded and led up to the uttering of the alleged slanderous words as part of the *res gestæ*. But did the defendant's cause of action arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim? The plaintiff contends that his cause of action was complete when the defendant had finished uttering the alleged slanderous words in the presence and hearing of his wife. He further contends that the counterclaim is based upon the words spoken by the plaintiff to the defendant in the hearing of the same persons after his cause of action arose. That different reputations were involved; that, therefore, the two causes of action cannot be said to have arisen out of the same transaction. The defendant contends that the conversation in its entirety was a transaction, and that out of it his cause of action against the plaintiff arose. He claims that the word "transaction," as used in the Code, has a broader signification than that contended for by the plaintiff, and should be held to mean the whole connected and uninterrupted conversation between the parties on the particular occasion out of which they each claim to derive their respective causes of action, and everything that arose and came out of the conversation.

A transaction is defined by Worcester as the act of transacting or conducting any business, negotiation, management, a proceeding; and by Webster as that which is done, an affair. In ordinary language we would not speak of an assault, false imprisonment or slander as a transaction. The act of making a contract would be called a transaction. The word ordinarily implies mutuality, something done by parties each taking a part therein. It must be held to mean something different from the word "contract," for both words are used, "arising out of the contract or transaction." While a contract may be a transaction it does not follow that a transaction is necessarily a contract.

We are not referred by the counsel to any adjudications upon the precise point here presented. This subdivision has, however, been considered in a number of cases by the courts of our State, where the facts were somewhat similar to those presented here. In *Heigle* v. *Willis* (50 Hun, 588), plaintiff alleged that the defendant negligently drove his wagon against that of the plaintiff, to his damage, etc. The answer set up a counterclaim for injuries caused to the defendant's person and wagon through the alleged negligence of the plaintiff in the same collision. The General Term in this department held, DWIGHT, P. J., writing the opinion, that the defendant's counterclaim arose out of the same transaction set forth in the complaint as the the foundation of the plaintiff's action, thereby holding that the collision between the two wagons driven respectively by the plaintiff and defendant was a transaction in respect to which the plaintiff alleged negligence on the part of the defendant and damages to himself, and the defendant *vice versa*. But one of the parties in that case was entitled to recover; if both were guilty of negligence contributing to the collision neither could recover. Each alleged that the negligence of the other caused the collision, and that he was free from negligence. In the case at bar each party alleges that the other, and on the same occasion, slandered his character.

In *Xenia Bank* v. *Lee* (7 Abb. Pr. 373), Judge WOODRUFF, in a very instructive opinion in the General Term of the Superior Court of New York, gives construction to this subdivision of section 501. That was an action for trover brought to recover the value of notes or bills of exchange which had been indorsed by the plaintiff, and which, it was claimed, the defendant had converted. The defendant set up, by way of counterclaim, title in himself to the same notes or bills of exchange, and asked judgment for their amount against the plaintiff as indorser thereon. Judge WOODRUFF says : " The transaction here in question may either include the history of the bills of exchange in question, so far as the title of the plaintiffs or defendants depends upon that history, or the transaction may perhaps be confined to the manner and circumstances of the transfer to the defendants. * * * The difference between the parties consists not in the denial by the defendants that the transaction relied upon by the plaintiffs took place, but both admit and in

fact assert that it occurred.   One of the parties connects with it certain particulars which, if established, establish the plaintiffs' right to recover the bills or their value.   The other connects with the transaction certain other particulars which, if established, not only refute the plaintiffs' claim, but establish the defendants' right to recover from the plaintiffs the amount of the bills.   The parties differ about the accessory facts only, and when upon the trial the very truth of the matter is ascertained, the actual transaction which the plaintiffs set forth as the foundation of their claim, and which the defendants set forth as that out of which their claim arises will be developed, and one or the other will be seen to be by reason of that transaction entitled (to recover).   The transaction is then single and entire, and it is either a just foundation of the plaintiffs' claim or it entitles the defendants to what they claim from the plaintiffs."   The counterclaim was held to be well pleaded.

_Lamming_ v. _Galusha_ (47 N. Y. St. Repr. 831), was an action against the defendant for maintaining a nuisance in constructing and operating a steam railroad in a public highway without authority.   The action was brought by the owner of lands injuriously affected by the road, and whose property rights were invaded thereby. Plaintiff demanded relief by way of injunction and special damages to his property occasioned by said nuisance.   He joined in the same action a claim for damages for a personal injury sustained from the operating of the road, by his being thrown from his wagon while driving along the highway on which the railroad was constructed, in consequence of his horse being frightened by the noise of a passing engine and train.   The Court of Appeals held that the cause of action arose out of the same transaction or transactions connected with the same subject of action within the meaning of subdivision 9, section 484 of the Code, and that they were properly united in one action.   A cause of action arising out of a tort may be pleaded as a counterclaim to a cause of action for a tort.   (_Carpenter_ v. _The Manhattan Life Ins. Co._, 93 N. Y. 552.)   It was held otherwise by a Special Term in _Schnaderbeck_ v. _Worth_ (8 Abb. Pr. 37).

The commissioners on practice and pleadings in their report to the Legislature in 1849, in a note to subdivision 1 of section 646 of the Code of Civil Procedure, which is in the exact language of subdivision 1 of section 501 of the present Code of Civil Procedure, say:

" It is the intention of the Code that the whole controversy between the parties should be settled in one action and that either plaintiff or defendant should have such relief as the nature of the case requires." It is as easy to do this as it is to decide upon what was considered a mere equitable defense to a legal demand, and there is no difficulty in either.

Montgomery H. Throop in a note on counterclaim, which can be found at page 212, volume 3, New York Civil Procedure Reports, has collected a number of cases giving construction to this subject. Similar provisions have been construed by the courts of sister States. (*Shelly* v. *Van Arsdoll*, 23 Ind. 543 ; *Lovejoy* v. *Robinson*, 8 id. 399 ; *Ritchie* v. *Haywood*, 71 Mo. 560 ; 3 Deering's Annotated Codes and Statutes of California, 439.)

We incline to the opinion that the slander pleaded by the defendant as a counterclaim cannot be said to have arisen out of the transaction which is set forth in the complaint as the foundation of the plaintiff's cause of action within the meaning of the sections of the Code referred to.

The interlocutory judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Interlocutory judgment appealed from affirmed, with costs.