(91 App. Div. 381.)

STORY v. RICHARDSON.

(Supreme Court, Appellate Division, Second Department.   March 4, 1904.)

1. BILLS AND NOTES—QUESTIONS—PLEADING—INVALIDITY OF NOTES—SUFFICIENCY.

An allegation in an answer that "any notes" made by defendant in favor of plaintiff were procured through willful misrepresentation was too general to raise an issue as to the validity of the notes in question.

2. PLEADING—COUNTERCLAIMS—WAIVER OF OBJECTION.

There is no waiver of an objection to the admission of evidence to sustain a counterclaim by failing to demur, but replying thereto, where the counterclaim is one which, from its inherent nature, cannot lawfully be interposed to plaintiff's claim.

3. SAME—COUNTERCLAIMS—TORTS AGAINST CONTRACTS.

Under Code Civ. Proc. § 501, providing that a counterclaim, in an action founded on contract, must be a cause of action also on contract, is one arising out of the contract or transaction set forth in the complaint, or connected with the subject of the action, defendant could not counterclaim to an action on notes, given for stock in a corporation, a claim for damages caused by the willful misrepresentation of plaintiff to defendant as to

the assets and liabilities of such corporation, by means of which defendant was induced to advance money to the corporation, even though the same representations also induced defendant to buy the stock for which the notes were given.

Appeal from Queens County Court.

Action by John H. Story against Edward Richardson. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Eugene V. Daly, for appellant.

Howard A. Sperry, for respondent.

HIRSCHBERG, P. J.   The action is upon two promissory notes for $150 each, made and delivered by the defendant to the plaintiff. The notes express consideration, and the defendant testified on the trial that they were given for certain stock in a corporation known as the Century Engraving Company, belonging to the plaintiff, and transferred by him to the defendant at the time the notes were given. Neither the amount nor the value of the stock appears, nor was there any claim made upon the trial or any attempt to show that the value of the stock was less than the amount of the notes.   The stock appears to have been retained by the defendant without even an offer to return it, and there was no claim or defense of a failure of consideration addressed specifically to the two notes in suit.   The answer alleges that "any notes made by defendant in favor of plaintiff were procured through the willful misrepresentation of the plaintiff to this defendant as to the assets and liabilities of the Century Engraving Company," but such a general allegation cannot be regarded as raising an issue as to the validity of the notes in question.

The defendant, however, set up a counterclaim in the answer, and the real controversy arises upon the refusal of the court to receive evidence offered in support of it.   The counterclaim is set forth as follows:

"Defendant, as and for a counterclaim against the plaintiff, alleges that, by reason of the willful misrepresentation to defendant by plaintiff of the facts in regard to the assets, liabilities, and general condition of said Century Engraving Company, defendant was induced to advance to said Century Engraving Company sums aggregating over five hundred dollars, which amount defendant lost by reason of the condition of the said company being different from its condition as represented to defendant by plaintiff; that thereby defendant was damaged in the sum of over five hundred dollars."

The plaintiff replied to the counterclaim by a general denial, and the learned counsel for the appellant claims that by omitting to demur to the counterclaim for insufficiency in the statement of facts, or to move to make the allegations of fact more definite and certain, the plaintiff waived the objection, and could not, therefore, oppose the proof offered upon the trial to sustain the counterclaim which was thus placed in issue as a matter of fact by the reply.   It is sufficient to say of this contention that the authorities relied upon to uphold it apply only to cases where the counterclaim which is imperfectly set forth is one which may lawfully be interposed in the action.   In

the earlier adjudications in this state it was indeed held that a plaintiff by taking issue by reply to a counterclaim which was not legally admissible as such in the action waived the right to object to the admission of evidence to sustain it.   Among those cases are Ayres v. O'Farrell, 10 Bosw. 143, and Hammond v. Terry, 3 Lans. 186.   But the doctrine of those cases, and others of similar import, has since been overthrown, and it may now be regarded as settled that there is no such waiver where the counterclaim is one which from its inherent nature cannot be lawfully interposed to 'the plaintiff's claim. See Smith v. Hall, 67 N. Y. 48; People v. Dennison, 84 N. Y. 272; and Dinan v. Coneys, 143 N. Y. 544, 38 N. E. 715.   If the defendant has a valid claim against the plaintiff for the damages arising from his loan to the Century Engraving Company, the judgment in this case is, under the decisions of the Court of Appeals herein cited, no bar to its enforcement in a separate action, and the reasoning of the earlier cases for the conclusion reached necessarily fails.

It is provided by section 501 of the Code of Civil Procedure, in effect, that a counterclaim, in an action founded on contract, must be a cause of action also on contract, or one arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.   The defendant's counterclaim is for damages for tort—the fraud alleged to have been practiced upon him by the plaintiff in making willful misrepresentations.   The transaction in which the claim arose is the loan alleged to have been made by the defendant to the corporation, and it is in no sense connected with the promissory notes which are the subject of this action, nor did it arise out of them.   This would be so even if it be assumed that the same representations which induced the defendant to buy the plaintiff's stock in the corporation, and to give the plaintiff notes in payment for it, also induced him to advance the money to the corporation, the loss of which constitutes the grievance which forms the basis of the counterclaim.   The judgment should be affirmed.

Judgment of the County Court of Queens county affirmed, with costs.   All concur.