SESSLER v. DONCHIAN et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1909.)

JUDGMENT (§ 589*)—RES JUDICATA—IDENTITY OF ISSUES.

Judgment in conversion against plaintiff is not res judicata of a subsequent action "for goods sold and delivered," where no question of ownership was raised in the conversion action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1101; Dec. Dig. § 589.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Henry Sessler against John B. Donchian and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before JENKS, BURR, RICH, and MILLER, JJ.

Cyrus C. Miller, for appellants.

Charles S. Aronstam, for respondent.

JENKS, J. The plaintiff recovered a judgment in the Municipal Court "for goods sold and delivered," and the defendants appeal.

Theretofore the plaintiff had sued the defendants in the same court for a conversion of the said "goods",—a diamond ring—and the court gave judgment dismissing him on the merits. In this action the de-

fendants pleaded, inter alia, that judgment as res adjudicata. The parties stipulated that the evidence taken on the trial of the action for conversion be submitted in support of this action, and that the judgment in that action be admitted in support of the plea of res adjudicata. The judgment in the conversion action was not a bar unless the question of property was passed upon therein. Stowell v. Chamberlain, 60 N. Y. 272–277, and authorities cited. In Thomson v. Sanders, 118 N. Y., at page 258, 23 N. E. 376, the court, per Bradley, J., say:

"The alleged cause of action there was different from that set forth in the defendant's answer in this action by way of counterclaim; and for that reason the recovery there would have been no bar to the latter, if the dismissal had been on the merits. Stowell v. Chamberlain, 60 N. Y. 272."

The judgment in the conversion action did not necessarily intend that the plaintiff was not the owner of the ring. Indeed, the evidence taken on that trial shows that the question of property was not in dispute. Even the testimony of a defendant therein established that the plaintiff owned the ring, and sold and delivered it. The contention of that defendant was that he was entitled to pay for the ring by the return of another ring of less value (which he had purchased theretofore from the plaintiff under an alleged agreement that he could return it), together with the money, which represented the full value of the ring in suit; and the evidence was that he attempted to pay for the ring in that manner.

The judgment must be affirmed, with costs. All concur.