(137 App. Div. 230.)

ADAMS v. SCHWARTZ.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. Trespass (§ 79*)—Criminal Liability—Posting Advertisement.

Where plaintiff without authority from the owner or lessee of certain premises posted advertisements on the wall thereof, and, on being ordered by the lessee to desist, refused and conducted himself in a manner calculated to provoke a breach of the peace, he was guilty of a crime under Penal Law (Consol. Laws, c. 40) §§ 121, 2036, providing for the punishment of any person who affixes to any real property not his own, without the consent of the owner, any advertising matter, and declaring that any person who intrudes on any land within a city or village without authority from the owner is guilty of a misdemeanor.

[Ed. Note.—For other cases, see Trespass, Dec. Dig. § 79.*]

2. False Imprisonment (§ 7*)—Offenses—Erroneous Designation.

Where the acts for which plaintiff was arrested, and with which he was charged, constituted a crime, the fact that the crime was not properly designated would not render the person instigating the arrest liable for false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 7.*]

3. Malicious Prosecution (§ 7*)—Offenses—Improper Designation.

Where the acts for which plaintiff was arrested constituted a crime, the fact that it was not properly designated would not render the person instigating the arrest liable for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 7.*]

4. False Imprisonment (§ 22*)—Action—Prima Facie Case—Defenses.

In an action for false imprisonment, it is sufficient for plaintiff to show in the first instance that he was arrested without a warrant, without proof that he was not guilty of a crime; the cause of the arrest and justification being a matter of defense.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 22.*]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

5. SET-OFF AND COUNTERCLAIM (§ 29*)—MATTER OF COUNTERCLAIM—STATUTES.
    In an action on a contract or tort, a counterclaim may be interposed
based on either contract or tort, provided it answers the other require-
ments of Code Civ. Proc. §§ 501, 502, viz., that it arises out of the con-
tract or transaction pleaded in the complaint as the foundation of plain-
tiff's claim, or is connected with the subject of the action, or, if the action
be on contract, is a cause of action arising on contract, and existing at the
time the action was commenced.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§
49-51; Dec. Dig. § 29.*]

6. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT OF COUNTERCLAIM—TRANSAC-
TION.
    Code Civ. Proc. § 500, authorizes defendant to interpose an answer stat-
ing any new matter constituting a defense or counterclaim, and section
501 provides that a counterclaim in an action for tort must be a cause of
action in favor of defendant and against plaintiff, arising out of the con-
tract or transaction set forth in the complaint as the foundation of plain-
tiff's claim, or as the subject of the action. Plaintiff sued defendant for
false imprisonment and malicious prosecution arising out of his arrest by
a policeman without a warrant for alleged disorderly conduct, constituting
or calculated to provoke a breach of the peace by annoying defendant by
posting theatrical posters or bills upon a bill board attached to the prem-
ises leased to defendant in the city of New York without the consent of
the owner and over defendant's protest, and for defendant's alleged ma-
licious prosecution therefor. Held, that the transaction pleaded as the
foundation of plaintiff's claim was in the one case the arrest, and in the
other the acts constituting the malicious prosecution and not the posting
of the advertisements; and hence defendant was not entitled to counter-
claim for damages resulting from the trespass consisting of the unlawful
invasion of the premises.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. §
29.*]

Appeal from Special Term, New York County.

Action by Bert Adams against Adolph Schwartz. From an inter-
locutory judgment overruling a demurrer to defendant's counterclaim,
plaintiff appeals. Reversed, with leave to defendant to answer, omit-
ting the counterclaim, on payment of costs.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Frank Walling (Harvey J. Cohen, on the brief), for appellant.
A. Joseph Geist (Henry Swartz, on the brief), for respondent.

LAUGHLIN, J. The amended complaint contains two counts.
The first is for false arrest and imprisonment and the second for ma-
licious prosecution. Both causes of action relate to the same arrest
and prosecution. It is alleged that on the 20th day of May, 1909, the
defendant caused the arrest of the plaintiff by a police officer, with-
out a warrant or other legal process and without probable or justi-
fiable cause, "upon the false charge of having by disorderly conduct
committed a breach of the peace, in that he had annoyed the defend-
ant by posting theatrical posters or bills upon a billboard attached
to the premises under leasehold belonging to defendant at the corner
of Amsterdam avenue and Sixty-Ninth street, in the borough of Man-
hattan, city of New York," and caused him to be taken to a police

station and there made said charge against him, whereby the plaintiff was restrained of his liberty over night, and made the same charge before a magistrate the next day, but that on the hearing he was exonerated and discharged from custody. The amended answer put in issue the material allegations of the amended complaint, inclosing the arrest and prosecution of plaintiff by or at the instance of defendant. It then separately pleads with respect to each cause of action the advice of counsel in mitigation of damages, and certain facts as a separate, distinct, and entire defense. These facts are, in substance, that defendant was the lessee of said premises; that on the day in question the plaintiff, without his consent and without the consent of the owner of the property, placed theatrical advertisements upon billboards attached to the wall of a building on the premises and on other portions of said wall; that defendant ordered the plaintiff off the premises, but he remained on and used threatening and abusive language, "and was insulting in his behavior with intent to provoke a breach of the peace," by reason of which a breach of the peace might be and was caused; that plaintiff annoyed defendant and was in the act of committing a misdemeanor by posting the theatrical advertisements as aforesaid, and that thereupon a police officer "who witnessed the acts set forth herein arrested" the plaintiff. The defendant further pleaded with respect to each cause of action as "a further defense and by way of set-off and counterclaim" the same facts in substance, and elaborated thereon by stating that the plaintiff wrongfully entered upon the premises without permission or license from the defendant or the owner, to the defendant's damage in the sum of $50. The prayer for relief contained in the answer is that the complaint be dismissed, and that defendant have judgment on his counterclaim and for costs. The plaintiff in a single pleading separately demurs to each counterclaim upon the ground that it is not of the character specified in section 501 of the Code of Civil Procedure, in that it is not "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." The most favorable inference that can be drawn in behalf of plaintiff from the facts pleaded is that the defendant caused his arrest while he was on premises of which defendant was the lessee and was in the act of posting theatrical advertisements on the walls of the building thereon; that defendant followed the arrest up and prosecuted the charge made against the plaintiff until it terminated favorably to the latter; and that the defendant claims that the plaintiff was guilty of disorderly conduct and was guilty of a misdemeanor, in that he entered upon the premises and posted the advertisements without the consent of the defendant or of the owner, and was also guilty of an unlawful trespass.

It is quite likely that the evidence which will sustain the plaintiff's causes of action will necessarily defeat the defendant's counterclaim, and vice versa, for, if the plaintiff entered upon the premises with the consent of the defendant and of the owner of the property, he was there lawfully, and the defendant would be liable for false arrest and perhaps for malicious prosecution; and if, on the other hand,

plaintiff did the acts without the consent of the owner and of the defendant, he was guilty of a crime, and would be liable to the defendant for the damages caused by the trespass. Our attention has not been drawn to any statute, and no ordinance is pleaded, making the acts with which the plaintiff was specifically charged according to the allegations of the complaint a breach of the peace; nor has our attention been drawn to the statute which it was supposed plaintiff had violated, but we presume that it was intended to make the charge under sections 1458 and 1459 of the consolidation act (Laws 1882, c. 410), so-called, which relate to disorderly conduct which tends to a breach of the peace, and which were continued in force by section 1610, Greater New York Charter (Laws 1901, c. 466). See People ex rel. Frank v. Davis, 80 App. Div. 453, 80 N. Y. Supp. 872; People ex rel. Smith v. Van De Carr, 86 App. Div. 11, 83 N. Y. Supp. 245. Also see 707 Greater New York Charter and article on the Offense of Disorderly Conduct by Magistrate House, New York Law Journal, Feb. 28, 1910. If, however, the facts did not constitute the crime with which plaintiff was charged, sections 121 and 2036 of the Penal Law (Consol. Laws, c. 40) make the acts for which the plaintiff was arrested, according to the complaint, answer, and counterclaim, a crime. If the acts for which plaintiff was arrested and with which he was charged constituted a crime, I presume that the defendant would not be liable to an action for false arrest and malicious prosecution merely because the crime was not properly designated, for it is not apparent that greater damages would be sustained for an arrest and prosecution for acts tending to a breach of the peace than for an unlawful trespass. If the arrest was made while plaintiff was committing the unlawful acts, it was authorized without a warrant. If plaintiff was on the premises without the permission of the owner or the tenant, and was thus committing an unlawful trespass, he could not sustain the action for false arrest, and quite likely he could not sustain an action for malicious prosecution for the same reason. If he was committing a crime when he was arrested, the arrest would not be a false arrest, and in that event it is manifest that the criminal prosecution would not be without probable cause, and therefore neither an action for false arrest nor for malicious prosecution would lie. It would be sufficient for the plaintiff, however, in the first instance, to show that he was arrested without a warrant, and he would not be obliged to show affirmatively that he was not guilty of a crime for that would be presumed in his behalf, and the cause of the arrest in justification therefor would be matter of defense. 1 Cooley on Torts (3d Ed.) p. 298; Jackson v. Knowlton, 173 Mass. 94, 53 N. E. 134. The facts with respect to the unlawful trespass would not necessarily be developed on the plaintiff's case, but would arise on the defense. Section 500 of the Code of Civil Procedure authorizes the defendant to interpose an answer containing, among other things, "a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition." Section 501, so far as material to the questions presented by the appeal, since the plaintiff's causes of action and the defendant's counterclaim are based

·on torts, provides that the counterclaim must be a cause of action in favor of the defendant against the plaintiff "arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." This provision was taken from subdivision 1 of section 646 of the Code of Procedure, as originally enacted, without change of phrase-·ology.

The question is: Does the defendant's counterclaim arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or is it connected with the subject of the action? It ·is not distinctly pleaded that the defendant caused the arrest of the plaintiff while the latter was in the act of committing the unlawful trespass, but, assuming that such is its effect, we are of opinion that the counterclaim is not authorized. The transaction set. forth in the complaint as the foundation of the plaintiff's claim in one instance is the arrest and in the other the acts constituting the malicious prose-·cution. So likewise the subject of the action which has been defined in some cases to be the facts constituting the cause of action, and since the action is not on contract, that is doubtless what it would be here, and therefore it was the arrest and malicious prosecution which are personal torts or the material facts relating thereto. Lehmair v. Griswold, 40 N. Y. Super. Ct. 100; Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552; Rothschild v. Whitman et al., 132 N. Y. 472, 30 N. E. 858. The tort set forth in the counterclaim is a trespass on real property. It may be that the material facts with respect to the trespass would necessarily be developed upon the trial of the action for false arrest and malicious prosecution, but the trespass is neither directly nor necessarily connected with the arrest or prosecution of the plaintiff, nor did it arise out of such arrest or prosecution. The rule is stated in the well-considered case of Xenia Branch Bank v. Lee, 7 Abb. Prac. 372, that this provision of the Code was designed to prescribe a reciprocal rule, and that, where a counterclaim is properly pleaded, the cause of action to which it is pleaded might likewise be pleaded as a counterclaim if the defendant had brought the action. See, also, Rothschild v. Whitman et al., 132 N. Y. 472, 30 N. E. 858; Story v. Richardson, 91 App. Div. 381, 86 N. Y. Supp. 843. It seems to us that that test indicates quite clearly that this is not a proper counterclaim. If the defendant sued the plaintiff for trespass, no rule of convenience would require that in the same action the court should investigate an arrest and prosecution of the defendant for the trespass on a counterclaim being interposed which denied the trespass and set up the arrest and malicious prosecution and demanded judgment therefor. This statutory provision of law regulating practice, which has been in force more than 60 years, has frequently been the subject of judicial construction. Thus far, however, no rule has been laid down in its construction by which it can readily be decided in all cases whether or not a given counterclaim is properly interposed and as might naturally be expected it would be difficult to harmonize all of the decisions on that point. In People v. Dennison et al., 84 N. Y. 272, which was an action for fraud in obtaining money from the state

on false vouchers and collusion with officials under cover of a contract, it was held that a counterclaim for moneys due on the contract based on the same work was not proper because the subject of the action was the fraud which was wholly distinct from the claim that money was due under the contract. On the other hand, in Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5 (Gen. Term, First Dept.), it was held that a counterclaim for moneys due under a contract of agency was proper in an action against the agent for conversion of moneys collected, and in Thomson v. Sanders, 113 N. Y. 252, 23 N. E. 974, which was an action on a bond, it was held that a counterclaim for damages sustained by the defendant through fraudulent representations of the plaintiff in inducing him to execute the bond was proper, on the theory that it arose out of the same transaction, although it was based upon an affirmance of the bond, and there was no tender back of the consideration received or prayer for rescission. In Bernheimer v. Hartmayer, 50 App. Div. 316, 63 N. Y. Supp. 978, it was held that a counterclaim for the storage of property sought to be replevied in the action was not proper. In Sheehan v. Pierce, 70 Hun, 22, 23 N. Y. Supp. 1119 (Gen. Term, Fifth Dept.), which was an action for slander, it was held that a counterclaim for a similar slander uttered by the plaintiff against the defendant at the same interview was not proper. The theory of that decision was that, if there were slanderous utterances by each of the parties, they were necessarily separate and disconnected, and each afforded a cause of action the moment it was uttered. It had been held by the same court in Heigle v. Willis, 50 Hun, 588, 3 N. Y. Supp. 497, that in an action to recover damages resulting from a collision between the respective vehicles in which the plaintiff and defendant were riding a counterclaim based on the alleged negligence of the plaintiff in causing the collision was proper, upon the theory that the collision was the transaction, and that the parties differed merely as to who was responsible for it, and that as the facts would be developed upon the trial that question would be determined in favor of the plaintiff or of the defendant. In Xenia Branch Bank v. Lee, supra, which was an action for the conversion of notes, a counterclaim against the plaintiff as indorser of the notes was sustained upon the ground that the transaction embraced the history of the notes, or, at least, the connection of the respective parties therewith and the circumstances under which the defendant received the same, and that one or the other only could recover, depending upon the facts relating to the transaction.

In Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552, which was an action by a first mortgagee against a second mortgagee, who was in possession, to recover for the conversion of cord wood, defendant admitted taking the wood, but denied plaintiff's ownership, and interposed a counterclaim to the effect that the security of his mortgage was impaired by plaintiff by unlawfully cutting the timber. The court in sustaining the counterclaim said, among other things:

"The counterclaim must have such a relation to and connection with the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation; and that the claim

of the one should be offset, or applied upon the claim of the other.  *  *  *
Here it is sufficiently accurate to say that the subject of the action was the
wood wrongfully taken by the defendant, and the counterclaim was for dam-
ages sustained by the defendant, in the wrongful impairment of its security, by
the severance of the same wood from the land, and thus diminishing the value
of the land by the value of the wood.  In such case it is certainly just that the
defendant should counterclaim its damages for the severance of the wood
against the plaintiff's claim for the conversion thereof.  In the forum of con-
science the plaintiff was under obligation to restore the wood to the defend-
ant as a portion of its security for its claim against the mortgagor.  Thus it
can with great propriety be said that the defendant's claim had some con-
nection with the subject of the action."

It is now well settled that, in an action either on contract or on tort,
a counterclaim may be interposed based upon either contract or tort,
provided it answers the other requirements of sections 501 and 502
of the Code of Civil Procedure, namely, that it arises out of the con-
tract or transaction set forth in the complaint as the foundation of
the plaintiff's claim, or is connected with the subject of the action,
or, if the action be on contract, any other cause of action arising on
contract and existing at the time the action was commenced.  Deagan
v. Weeks, 67 App. Div. 410, 73 N. Y. Supp. 641; Rothschild v. Whit-
man et al., supra; Ter Kuile v. Marsland, supra, and Thomson v.
Sanders, supra.  If the facts necessary to the proof of either cause
of action involve an inquiry concerning the same transaction or mat-
ter, that is regarded by many of the authorities as a material consid-
eration, but it is not controlling unless from the nature of the coun-
terclaim it may fairly be said that it arises out of the contract or
transaction set forth in the complaint as the foundation of the plain-
tiff's claim, or is necessarily or directly connected with the subject of
the action.  Story v. Richardson, 91 App. Div. 381, 86 N. Y. Supp.
843, affirmed 181 N. Y. 584, 74 N. E. 1126; Van v. Madden, 132
App. Div. 535, 116 N. Y. Supp. 1115; Deagan v. Weeks, supra; Roths-
child v. Whitman et al., supra.  In Story v. Richardson, supra, the
action was on a promissory note given by defendant as the purchase
price of stock, and it was held that a counterclaim for damages for
false representations made by plaintiff in inducing defendant to loan
money to the corporation, even though the same representations in-
duced the purchase of the stock, was not proper, as the transaction
upon which the counterclaim was based was the loan of the money to
the corporation, and that it was not connected with, and did not arise
out of, the notes.  Applying that reasoning here, it would seem that
the transaction out of which the counterclaim arises was the trespass,
and that it was not necessarily connected with the arrest but doubt-
less preceded it, and was not caused thereby.  Moreover, the arrest
and malicious prosecution were not caused by the trespass in any true
sense of cause and effect.  The arrest and malicious prosecution are
alleged to have been caused by the voluntary act of the defendant.  In
Van v. Madden, supra, it was held that a counterclaim for failure
on the part of the vendor under a conditional sale to retain the prop-
erty for the statutory period and sell it as provided by law after it
had been returned at his request was not proper in an action by the
vendor for the conversion of part and for unlawful injury to the bal-

ance of the property. This decision went upon the theory that the transaction of which the plaintiff complained and the subject of the action were the conversion and trespass, and that the counterclaim had no connection with the former and only a remote connection with the latter. In Deagan v. Weeks, supra, the court, sustaining a counterclaim for assault and battery committed at the same time and place as the assault and battery of which the plaintiff complained, through Judge Chase, say:

"The sections of the Code relating to counterclaims should have a liberal construction, and where alleged causes of action, one set forth in the complaint and the other in the defendant's answer as a counterclaim, are so connected that they must be determined on the same evidence, they should be litigated and determined in one action, although a recovery cannot be had in favor of either defendant or plaintiff without a finding that wholly defeats the alleged cause of action of the other. It does not seem to us in accordance with the spirit of modern procedure to give the sections of the Code quoted such a technical construction that it might require the trial court to twice sit and hear exactly the same facts in actions between the same parties before the proper judgment can be rendered between them. We have not overlooked the fact that there are decisions in this and other states seemingly in conflict with the views herein expressed."

The cases of Sheehan v. Pierce, supra, and Deagan v. Weeks, supra, are reconcilable and consistent upon the theory that in the former the court meant to decide that where two causes of action for slander coexisted, one in favor of the plaintiff and the other in favor of the defendant, the one could not be counterclaimed against the other, even though the two slanderous utterances were in the same conversation, and that the effect of the decision in the latter is merely that where the transaction, namely, the encounter or affray upon which the plaintiff bases his cause of action for assault, instead of constituting an assault upon the plaintiff, in fact constituted an assault by him upon the defendant, so that there is but a single cause of action in favor of one, but not in favor of both of the parties, either may interpose a counterclaim based upon his view of the facts in an action brought by the other, which is analogous to the case of the collision between two vehicles.

The case of Deagan v. Weeks, supra, however, which carries the doctrine further than any other authority, does not go far enough to sustain the counterclaim in the case at bar. In the case at bar the defendant denies that he caused the arrest of the plaintiff, and avers that the arrest was made by a police officer who was an eyewitness to the transaction. If the police officer made the arrest on his own responsibility, then the defendant is in no manner connected therewith, and, so far as he is concerned, it is the same as if no arrest had been made. The case, therefore, is virtually the same as if the defendant took the position that there had been no arrest at all, and on that theory, instead of there being a transaction such as is alleged in the complaint resulting in the arrest of the plaintiff, the things he has attempted to allege being without foundation, it would appear that there was no transaction at all in the nature of an arrest or malicious prosecution. The defendant cannot deny the existence of the transaction upon which the plaintiff founds his cause of action for a tort,

or that there was any subject of the plaintiff's·action, and at the same time interpose a counterclaim for trespass which was another transaction, upon the theory that it arose out of or was connected with an arrest or malicious prosecution, which never took place. Of course, where there has been a transaction of the nature of that set forth in the complaint, and that transaction gives rise to a cause of action in favor of one or the other of the parties, the same rule might obtain in some instances where it gives rise to a cause of action in favor of both, and they differ with respect to the attendant and surrounding facts and circumstances and the result or effect of the transaction, then a counterclaim may properly be interposed. The trespass, however, was a separate and independent transaction in no manner connected with the arrest excepting that the defendant points to the trespass as the reason the police officer made the arrest. That, however, was not the necessary consequence of the trespass, and defendant on his theory of the case was not moved by the trespass to do anything. It could hardly be contended that the counterclaim would be proper if the arrest had not been made while the plaintiff was in the act of committing the trespass. Therefore no important principal is involved in the question presented for decision, for, since manifestly the counterclaim could not be interposed if it appeared that the defendant ordered the arrest of the plaintiff or swore out a warrant for his arrest a year, a month, or even a day after the unlawful trespass, no great convenience would be subserved by holding that the counterclaim will lie in the single instance, where it appears that the arrest was made and the malicious prosecution was instituted concurrently with the trespass. The learned Special Term overruling the demurrer distinguished the case of Rothschild v. Whitman et al., supra, on the facts. That decision was clearly distinguishable on the facts. It was an action for false arrest and malicious prosecution based upon the arrest of the plaintiff under an order of arrest in a civil action for fraud and deceit alleged to have been practiced some nine months before. A counterclaim for the fraud and deceit was interposed. The court in holding that the counterclaim was not proper dwelt at length upon the interval of time intervening between the fraud and deceit and the arrest, and apparently placed great emphasis on the fact that the one tort was committed in January and the other in September from which it might be inferred that the decision would have been otherwise had the two torts been committed simultaneously.

We are of opinion, however, that it does not follow that the court would have sustained the counterclaim had the torts been committed concurrently. On the contrary, it is stated in the opinion that, although the deceit was the inducement to the action and arrest, it preceded both, and arose out of neither, but existed independently of them, and was not the cause of either, "but was rather the pretext or ostensible reason"; that the malicious prosecution was "caused by the act of commencing the action, not by the reasons given for commencing it—an illegal arrest, such as that in question, is caused by the issuing and service of the order of arrest, not by the facts recited therein. There is no relation of cause and effect between an illegal

act, or the determination to do one, and the excuse alleged for doing it. We think that the claim and counterclaim did not arise out of the same transaction, and that the plaintiff's claim rests upon an entirely different foundation from the defendants' counterclaim. Each was a separate and distinct wrong and a transaction by itself." In the light of these authorities it seems quite clear that the trespass for which the defendant interposed the counterclaim did not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claims, and that it is not connected with the subject of the action set forth therein.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the defendant to answer over by omitting the counterclaim upon payment of the costs of the appeal and of the demurrer. All concur.

Frank Walling (Harvey J. Cohen, on the brief), for appellant.
A. Joseph Geist (Henry Swartz, on the brief), for respondent.

