SAFRAN v. SILVERMAN.

(Supreme Court, Appellate Term.   May 4, 1911.)

1. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS—CONCLUSIVENESS.

A finding by the trial court on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989;  Dec. Dig. § 1011.*]

2. SET-OFF AND COUNTERCLAIM (§ 29*)—GROUNDS OF REMEDY—SAME TRANSACTION.

Where a landlord claimed that a lessee had abandoned the premises and was indebted to him under a contract providing that, if landlord let the unoccupied premises, the tenant would pay and the landlord would accept a stipulated amount in full payment of all claims, and the lessee denied ever making the contract, maintaining he was ousted from the premises, the lessee cannot, in a suit on the contract, sustain a counterclaim for forcible exclusion and detainer;  the latter action being tort, and the other contract, and not arising out of the same transaction, as the lessee denies the existence of the contract.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51;  Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Moritz Safran against Nathan Silverman.   From a judgment for defendant, plaintiff appeals.   Modified and affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Louis S. Posner (Harry G. Anderson, of counsel), for appellant.
H. M. & S. Solomon, for respondent.

LEHMAN, J.   [1] The plaintiff was the landlord of certain premises occupied by the defendant under a lease expiring on the 1st day of February, 1911.   The defendant moved his place of business from plaintiff's premises in November, 1910, and then requested and received permission from the plaintiff to sublet the premises until the expiration of his lease.   On the 1st day of December he had not yet subleased the premises, and he paid his rent for that month.   The landlord alleged in his complaint that thereafter the plaintiff and the defendant entered into an agreement whereby the defendant requested the plaintiff to lease the premises for the balance of his term, and agreed that if the plaintiff did let such premises, he would pay, and the plaintiff agreed to accept, the sum of $20.80 in full discharge and settlement of all claims under the agreement.   Thereafter the plaintiff did rent the premises; but defendant refused to pay said sum.   The answer of the defendant set up a general denial, and a counterclaim for forcible exclusion and detainer of said premises from the 12th day of December.   At the trial there was a conflict of testimony as to the making of the agreement, and the trial justice believed the story of the defendant, and there is no reason for disturbing his finding on that issue.

[2] He also rendered judgment for the defendant on the counterclaim for treble damages, and this part of the judgment must be re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

versed. I am doubtful whether the defendant has shown either such "force" or "putting in fear of personal violence" as would justify an award for treble damages; but I do not think it necessary to consider this question, because the judgment on the counterclaim cannot be sustained, since it appears that the counterclaim was improperly interposed. The plaintiff sues upon a contract, and the defendant cannot interpose a counterclaim for a tort, unless the cause of action arises out of the same contract or transaction. The defendant claims that he never had any such transaction, and never agreed to allow the plaintiff to lease the premises, but was wrongfully kept out of the premises by the plaintiff. If he denies the existence of the transaction, he cannot claim that his own cause of action arises out of it. The defendant's cause of action did not arise from the transaction upon which the plaintiff founds his cause of action. It arose solely from the subsequent unlawful act of the plaintiff. The rule governing the interposition of a counterclaim under similar circumstances has been set forth in Adams v. Schwartz, 137 App. Div. 230, at page 237, 122 N. Y. Supp. 41, at page 47:

"If the facts necessary to the proof of either cause of action involve an inquiry concerning the same transaction or matter, that is regarded by many of the authorities as a material consideration; but it is not controlling, unless from the nature of the counterclaim it may fairly be said that it arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or is necessarily or directly connected with the subject of the action."

The defendant's counterclaim should be dismissed, without prejudice to the bringing of an independent action, and the judgment modified to that extent, and, as modified, affirmed, without costs to either party. All concur.