## HARRINGTON v. JAECKEL et al.

### (Supreme Court, Appellate Term.   February 23, 1912.)

SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER.

    A claim for the agreed price of altering a fur coat was a proper counterclaim, in an action by the owner of the coat for an alleged conversion of part of the fur and for damages resulting from unauthorized alterations.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Marie Harrington against Hugo F. Jaeckel and others. From a judgment for plaintiff upon defendants' counterclaim, defendants appeal.   Reversed, and new trial ordered.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Theodore Jaeckel, for appellants.

Bernheim & Loewenthal, for respondent.

PENDLETON, J.   Appeal by defendants from so much of a judgment as disallows the counterclaim.   The pleadings were oral.   The complaint was for the conversion and damage to personal property. The answer was a denial, and a counterclaim for $120.   The plaintiff in a bill of particulars and at the trial, claimed that she delivered a fur coat to defendants for certain alterations; that defendants disobeyed the directions, took out some of the fur, and made alterations not authorized.   The defendants denied the charges of failure to make the alterations agreed upon, and sought to recover as a counterclaim the agreed price for altering the coat, viz., $120.   The court found for the defendants on the main issue, but dismissed the counterclaim, as not allowable in this action.

The only question involved is:   Was the cause of action sought to be interposed by the defendants the proper subject of a counterclaim? If it was, the court should have passed upon it.   All issues properly presented must be determined one way or the other.   Section 230, Municipal Court Act (Laws 1902, c. 580); Morehouse v. Brooklyn Heights, 185 N. Y. 520, 78 N. E. 179, 7 Ann. Cas. 377.   The question as to what constitutes a proper counterclaim in an action for tort has been recently before the Appellate Division in this department.   Adams v. Schwartz, 137 App. Div. 230, 122 N. Y. Supp. 41. In that case the authorities are fully discussed.   I think, within the decision there approved, the alleged counterclaim in the case at bar could properly be set up in this action, whether tested by the rule

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Carpenter v. Manhattan Life Insurance Company, 93 N. Y. 552, that it must be connected with the subject of the action, or the rule of Deagan v. Weeks, 67 App. Div. 410, 73 N. Y. Supp. 641, that the two causes of action be so connected that they must be determined upon the same evidence. The transaction here was the agreement as to certain alterations to be made to a coat, and the real controversy was as to what the arrangement was. What alterations had been agreed upon, and what made? If, as defendants claimed, the agreement was carried out by them, plaintiff would be liable for the agreed price; if, on the contrary, as plaintiff claimed, defendants had disregarded the agreement, and injured the coat, or converted any part of the fur, the defendant would be liable.

In Heigle v. Willis, 50 Hun, 588, 3 N. Y. Supp. 497, there were conflicting claims for damages growing out of a collision, and one was held a proper counterclaim to the other. In Xenia Branch Bank v. Lee, 7 Abb. Prac. 372, the two alleged causes of action involved a transaction as to notes in which one or the other party could not recover. One cause of action was held a proper counterclaim to the other. In Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5, a counterclaim for money due under a contract of agency was held proper in an action for conversion of the money collected. The court laid down the rule that, where the cause of action set out in the complaint and the cause of action set out in the answer as a counterclaim arose out of the alleged breach of the same contract, the cause of action set out in the answer was properly pleaded as a counterclaim, although one cause of action was in tort and the other upon contract. These cases were approved by the Appellate Division in this department in the case of Adams v. Schwartz, above cited, where the court, in effect, held that where there has been a transaction of the nature of that set forth in the complaint, and that transaction gives rise to a cause of action in favor of the other party, and in some instances where it gives rise to alleged causes of action in favor of both, but the parties differ with respect to attending and surrounding circumstances, and the result and effect of the transaction, the alleged causes of action may be set up as a counterclaim the one against the other.

The case at bar is within the above rule, and the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.